**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Gerald BOLLIN, Defendant—Appellant.**

No. 03–30032.

D.C. No. CR–02–05628–JET.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 21, 2003.

Before SCHROEDER, Chief Judge,
HAWKINS and TASHIMA, Circuit
Judges.

MEMORANDUM **

Gerald Bollin appeals his 45–month sentence imposed following a guilty-plea con-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

viction for mail fraud, in violation of 18 U.S.C. § 1342, and social security fraud, in violation of 42 USC § 408(a)(7). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse, in part, and remand.

■ Bollin contends that the district court erred in increasing his base offense level pursuant to U.S.S.G. § 2B1.1(b)(8)(C) because his conduct did not rise to the level of "especially complex or especially intricate" conduct required for the "sophisticated means" enhancement. We review the district court's factual finding for clear error, and we find none. *See United States v. Aragbaye*, 234 F.3d 1101, 1107–08 (9th Cir.2000) (upholding a two-level increase for use of sophisticated means where, much like Bollin, the defendant applied for an electric filing identification number with the IRS using a false name and social security number; set up a tax preparation businesses through which he perpetrated his fraud; prepared W–2 forms for fictitious employees; opened numerous post-office boxes and opened a check cashing business to deposit the fraudulently obtained funds); *see also* U.S.S.G. § 2B1.1(b)(8)(C) cmt. n. 6(B) ("Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means."). Accordingly, we affirm the district court's judgment on this ground.

■ Bollin also contends that the district court erred by imposing a two-level increase to his base offense level pursuant to U.S.S.G. § 2B1.1(b)(7)(A). We review a district court's interpretation of the sentencing guidelines de novo, *see United States v. Alexander*, 287 F.3d 811, 818 (9th Cir.2002), and we conclude that the district court erred by applying this enhancement because Bollin never represented that he was seeking to obtain a benefit on behalf

of a religious organization. *See* USSG § 2B1.1(b)(7)(A), cmt. n. 5(B) (stating that "[s]ubsection (b)(7)(A) applies in any case in which the defendant represented that [he] was acting to obtain a benefit on behalf of a charitable, educational, religious or political organization"). Accordingly, we reverse the district court's application of the enhancement and remand for resentencing.

REVERSED IN PART AND REMANDED FOR RESENTENCING.